[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this six count complaint, Tri-S, Inc. (Tri-S) seeks recovery in the first count against Stephen D. Vuolo and Richard A. Simonelli, Jr. for breach of contract; in the second count against Connecticut Environmental Associates, Inc. (CEA, Inc.) for breach of contract; in the third count against Vuolo, Simonelli and CEA, Inc. for CUTPA violations; in the fourth count against all three defendants in conversion; in the fifth count against Vuolo and Simonelli for unjust enrichment; and in the sixth count, Tri-S, Inc. claims unjust enrichment against CEA, Inc.
The defendants, by special defense, claim any breach of contract was due to the fraudulent conduct of the plaintiff, and have filed a counterclaim in two counts for contract damages and CUTPA violations.
Prior to trial, counsel for Tri-S stipulated that he was not proceeding against Stephen Vuolo because that defendant is now deceased and an estate was not opened in his name, thus no successor defendant can be substituted. Based on that stipulation, the complaint against Stephen Vuolo is dismissed. CT Page 6040
On August 19, 1993 Tri-S entered into a contract with an entity known as Connecticut Environmental Associates (CEA) whereby CEA was to arrange for the disposal of approximately 22,000 tons of contaminated soil located in Southington, which was to be disposed of at the Waste Management, Inc. site in New Milford. CEA was an unincorporated business owned by Stephen Vuolo (Vuolo) d.b.a. Connecticut Environmental Associates.
The contract was signed by Vuolo. The defendant Richard Simonelli, Jr. (Simonelli) signed as a witness (which is clearly delineated on the contract). Simonelli was a commissioned sales agent for CEA and, as the contact person between Tri-S and CEA, attended the executing of the contract. One of the terms of the contract provides for Tri-S to give CEA a $50,000 deposit on or before August 23, 1993. A check in that amount dated August 26, 1993 was picked up by Simonelli, who gave it to Vuolo. Vuolo in turn deposited it to his CEA account. Simonelli did not receive any proceeds directly from the check.
According to the terms of the contract, the removal of the contaminated soil was to start on August 30, 1993, but the day before, the parties learned that Waste Management had not approved the data submitted which it needed to be sure the soil was acceptable, i.e., only contaminated, and not containing hazardous material. Tri-S had a "time of essence" contract with the landowner and opted to try to find an alternative disposal site. It did so after with the landowner and opted to try to find an alternative disposal site. It did so after approximately one week of trying, but incurred extra costs in so doing.
In September 1993, Tri-S made demand for the return of the $50,000 deposit which was not returned.
Simonelli was not a party to the contract, he derived no share of the deposit and was involved in this transaction only in his capacity as a commissioned salesman for CEA. For these reasons he cannot be held liable for breach of contract, conversion or unjust enrichment. Since he neither received nor retained any portion of the $50,000 he cannot be liable under the CUTPA claim. There was no evidence otherwise of deceptive practice on his part.
Accordingly, judgment shall enter for the defendant Simonelli on the complaint. CT Page 6041
On August 24, 1993, the corporation known as Connecticut Environmental Associates, Inc., was formed and a certificate of incorporation filed. The officers of this corporation were Stephen Vuolo, president and Richard Simonelli, secretary. The sole director of the corporation was Stephen Vuolo. Simonelli owned no shares of stock in CEA, Inc. The corporation was formed because Vuolo had a contract with the Connecticut Resource Recovery Authority for rubbish removal. That agreement required a bond and the bonding company required the entity it bonded to be a corporation. The business of CEA Inc., was solely trash removal. It was not involved in removal of contaminated or hazardous soil.
There was no evidence that CEA, Inc. was established to defraud the creditors of CEA, the d.b.a. owned by Vuolo, nor was there evidence that CEA, Inc. succeeded to the rights, obligations or contractual responsibilities of CEA. The corporation was formed after the execution of the contract between Vuolo and Tri-S. There is, therefore, no liability on the part of CEA, Inc. for the personal obligations of Vuolo or his d.b.a known as CEA.
Accordingly, judgment shall enter for the defendant, Connecticut Environmental Associates, Inc.
As to the counterclaim, the defendants have failed to prove that Tri-S knowingly or willfully provided Vuolo with a soil analysis of the wrong grid, or that it breached the contract, nor was there evidence of damages to the defendants.
Similarly, the defendants have failed to prove Tri-S was guilty of unfair or deceptive trade practice.
In summary, as to Stephen Vuolo, the complaint is dismissed. As to Richard A. Simonelli, Jr. and Connecticut Environmental Associates, judgment shall enter for the defendants.
Judgment for the plaintiff on the counterclaim.
Klaczak, J. CT Page 6042